U S. DISTRICT COURT
WESTERN DISTRICT of LOUISIANA
RECEIVED - ALEXANDRIA

JAN 2 6 2007

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

| | |
|---|---|
| ELLIS EARLY | DOCKET NO. 06-CV-1773 |
| VERSUS | JUDGE DRELL |
| U.S. PENITENTIARY POLLOCK | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is a civil rights action filed *in forma pauperis* on October 6, 2006 by *pro se* plaintiff, Ellis Early, pursuant to 42 U.S.C. §1983 and Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics.[1] Plaintiff is an inmate in the custody of the Federal Bureau of Prisons and is currently housed at the United States Penitentiary in Pollock, Louisiana ("USP-P"). He names as defendants E. Tann, W. Vasquez, PA, R. Frazier, RN, James Flattery, M.D., Warden Frederick Menifee, P. Allmendinger, R.N., and B. Denn. Plaintiff claims the defendants failed to provide him with proper medical care.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of the court.

---

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983. See *Zuspann v. Brown*, 60 F.3d 1156, 1157 n. 2 (5th Cir.1995).

## STATEMENT OF THE CASE

Plaintiff has alleged:

1.  He began suffering from testicular pain and swelling on May 3, 2005.

2.  He submitted sick call requests and complained to the medical staff. On August 3, 2006, he made "special medical pleas" to the unit officer and nurses Frazier, Tann, and Vasquez.

3.  His complaints were "neglected," and he was not given appropriate treatment by medical staff.

4.  He was forced to suffer extreme pain and ultimately had to have his right testicle removed.

## LAW AND ANALYSIS

### 1. Frivolity Review

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obligated to evaluate the complaint and dismiss it without service of process, if it is frivolous,[2] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990). A hearing need not be conducted for every *pro se* complaint. See Wilson v. Barrientos, 926 F.2d 480, 483, n. 4 (5th Cir. 1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. See Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986). Still, district courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous.

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact. See Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Hernandez, 504 U.S. 25 (1992).

See Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." Jolly v. Klein, 923 F.Supp. 931, 942-43 (S.D.Tex. 1996).

### 2. Medical claims

Plaintiff's allegations do not support a claim that he was denied medical care. In fact, he submitted approximately ten pages of medical records indicating that he received treatment for his complaints on the following days:

> May 3, 2005 - Plaintiff complained of a swollen and sore testicle for two days and painful/difficult urination. Plaintiff was examined and diagnosed with epididymitis. He was prescribed antibiotics to treat the infection.
>
> August 4, 2006 - Plaintiff was examined by the Clinical Director. Based on the prior diagnosis of epididymitis and his current symptoms, Plaintiff was diagnosed with scrotal pain and was prescribed antibiotics and pain medication.
>
> August 8, 2006 - Plaintiff was treated for continued scrotal pain, vomiting, and diarrhea. He was administered Phenergan and Toradol. After evaluation by the Clinical Director, Plaintiff was transported to a local emergency room for evaluation. Plaintiff was examined in the ER and a sonogram was performed, revealing subacute ischemic episode[3] of the right testicle with gangrene. [Doc. #3-2, p.11] An orchiectomy was performed and Plaintiff was administered intravenous antibiotics. Plaintiff was discharged on August 10, 2006.

With his complaint, Plaintiff submitted as an exhibit the administrative response from the Warden. Plaintiff's allegations do not contradict the factual statements in the Warden's response, although the Warden references additional instances where Plaintiff was treated at USP-P.

First, the Warden noted that Plaintiff was treated on May 10, 2005 (to monitor Plaintiff's status as a result of gall bladder surgery). Upon examination, it was observed that Plaintiff had a residual infection from the epididymitis. According to the Warden, additional antibiotics were

---

[3]Also called testicular torsion or twisting. www.medlineplus.gov

3

prescribed, but Plaintiff failed to pick up the medication.

Also, according to the warden, Plaintiff was treated on May 22, 2005, for stomach pain. Due to a recent gallbladder surgery, Plaintiff was sent to the local ER for examination. On May 24, 2005, Plaintiff returned to USP-P with a diagnosis of urinary tract infection. Antibiotics were ordered and provided to the Plaintiff.

Plaintiff complained of testicular pain again on January 2, 2006. On January 3, 2006, Plaintiff was examined, diagnosed with epididymitis, and provided antibiotics.

On February 20, 2006, Plaintiff was administered another dose of antibiotics, and no further complaints were made by Plaintiff until August 4, 2006. The Warden denied Plaintiff's administrative complaint because he determined that Plaintiff had received adequate medical care and was treated for every complaint made.

Plaintiff ultimately claims that he did not received proper medical treatment, a violation of his constitutional rights. To state a denial of medical care claim under § 1983, a prisoner must allege "acts or omissions sufficiently harmful to evidence **deliberate indifference to serious medical needs.**" <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976)(emphasis added). A plaintiff must prove "objectively that he was exposed to a substantial risk of serious harm," and that "jail officials acted or failed to act with deliberate indifference to that risk," which requires actual knowledge and deliberate disregard. <u>Victoria W. v. Larpenter</u>, 369 F.3d 475, 483 (5th Cir. 2004), *quoting* <u>Lawson v. Dallas County</u>, 286 F.3d 257, 262 (5th Cir. 2002).

The plaintiff has not set forth factual allegations indicative of deliberate indifference. He was treated by the clinical director as well as other medical staff at USP-P, and he was transported to the hospital for evaluation and treatment on more than one occasion. Plaintiff was initially diagnosed

with epididymitis[4] on a number of occasions; but, he was ultimately diagnosed with testicular torsion. [Doc. #3-2, p.13] Plaintiff's allegations could support a claim of mis-diagnosis or improper or ineffective treatment. However, such claims amount to no more than allegations of negligence or malpractice, which are *insufficient to state a claim of deliberate indifference.* See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991)(negligence or even malpractice will not support a claim of deliberate indifference); see also Ware v. Zeller, 2006 U.S. App. LEXIS 28180 (5th Cir. 2006)(unpublished opinion relying on Varnado); Blanton v. Stacks, 136 Fed. Appx. 715, 716 (5th Cir. 2005)(unpublished opinion relying on Varnado). Plaintiff has not shown, and he cannot establish, that the defendants *purposefully ignored* a serious illness or injury and that he suffered as a result of their actions or lack thereof. See Wilson v. Seiter, 501 U.S. 294, 297 (1991).[5]

For the foregoing reasons, Plaintiff's complaint is frivolous and fails to state a claim for which relief can be granted. See Neitzke v. Williams, 490 U.S. 319 (1989). Therefore, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recom-

---

[4]Epididymitis is an inflammation of the epididymis, the tubular structure that connects the testicle with the vas deferens.

[5]To the extent that Plaintiff has sued the warden as a supervisor of the medical staff at USP-P, the acts of subordinates trigger no individual liability for supervisory officers under § 1983. See Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 314(5th Cir.1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of the prisoner's constitutional rights, or in those instances where there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. See Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir.1987); Douthit v. Jones, 641 F.2d 345, 346 (5th Cir.1981) (per curiam).

mendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of _____, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE